IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JARED WILLIAM DECACCIA, | CV 22-079-H-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CAPT. BRAGG, ET AL., | |
| Defendants. | |

Plaintiff Jared William DeCaccia has filed several motions that are fully briefed. The Court rules as follows.[1]

## I. Background

DeCaccia is an inmate at Lewis and Clark County Detention Center ("LCCDC"), Helena, Montana. His Complaint alleges that he suffered a foot injury and infection that went untreated at the jail for much of July 2022. (Doc. 2.)

The Court ordered DeCaccia's Complaint served upon Defendants Bragg, Heidi, and McBride on November 3, 2022. The Court provided Defendants the opportunity to waive service of summons, and, if they did so, gave them 60 days after the waiver was sent to answer. Fed. R. Civ. P. (4)(d)(3). Defendants waived service in November and filed their Answer on January 3, 2022. (Docs. 8, 9, 10.)

---

[1] The parties have consented to the assignment of the undersigned. (Doc. 19.)

1

## II. Motions for Default and Entry of Default Judgment

DeCaccia moved for entry of default on January 12, 2023, the first day he could do so pursuant to the Court's service Order. It appears DeCaccia filed two identical copies of the same motion: the Court received one on January 17, 2023, and one on January 19, 2023. (Doc. 15); (Doc. 17.) DeCaccia moved for entry of default judgment on January 18, 2023, stating that Defendants had filed no Answer by the January 2, 2023 deadline. (Doc. 20.)

Defendants' Answer had been filed in the Court on January 3, 2022, however, and mailed to DeCaccia on that date. (Doc. 12.) Defendants point out that January 2, 2023, was a federal holiday. (Doc. 23 at 2.) The next day available for filing was January 3, 2023, according to the Federal Rules of Civil Procedure, so the Court accepts Defendants' Answer as timely. Fed. R. Civ. P. 6(a)(1)(C). The Court will deny DeCaccia's motions for entry of default judgment.

## III. Motion for Relief re Mail Services

DeCaccia's motion for relief on withholding mail services relates to his motion for default and his impression that mail does not leave LCCDC in a timely fashion, making it difficult for him to comply with Court deadlines. (Doc. 21.) The Court has not yet received any untimely filings from DeCaccia. It is without authority to provide DeCaccia the general relief he seeks, but the Court remains

2

aware of mailing difficulties from secured facilities. The Court will consider the timing of any of DeCaccia's filings in light of this understanding.

## IV. Motion for Subpoenas

DeCaccia has filed three subpoenas *duces tecum*. (Docs. 22 and 26.) The Court's Scheduling Order requires him to file a motion providing justification for each subpoena to be issued and served. (Doc. 13 at 7.) The Court, construing DeCaccia's filings as a motion, will deny DeCaccia's requests at this time. Discovery only recently has commenced in this matter. DeCaccia may prove able to obtain the documents and items he seeks with a less formal process. He may return to the Court and follow the process set forth in the Scheduling Order to request subpoenas should he remain unable to obtain the documents he seeks.

## V. Motion to Appoint Counsel

DeCaccia seeks the assistance of counsel. (Doc. 25.) No litigant possesses a constitutional right to appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). The relevant statute does not give a court the power to appoint an attorney: 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1). A court cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit; a court merely may request a lawyer to do

3

so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a court may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires evaluating both the likelihood of success on the merits and the ability of the petitioner to articulate their claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

DeCaccia has not yet shown the exceptional circumstances that would warrant the Court requesting counsel on his behalf. *Rand*, 113 F.3d at 1525. He has not demonstrated a likelihood of success on the merits, and he has articulated his claims effectively to this point. The challenges he faces represent those inherent in an incarcerated litigant's pursuing a lawsuit pro se. There exists an insufficient basis to request counsel at this stage. The Court will deny DeCaccia's motion, subject to renewal should circumstances change.

**VI.     Motion for Intervention**

DeCaccia moves the Court for an Order to require LCCDC to comply with the Court's Collection Order. DeCaccia has submitted his account statement, which he contends shows that LCDC collects fifty percent of his prior month's

balance, rather than the twenty percent required under 28 U.S.C. § 1915(b)(2). (Doc. 28 at 1.)

"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). DeCaccia's account statement appears to show that LCCDC is both taking fifty percent of his income as well as failing to let the balance rise to $10. The statement does not clearly show where the payments go and what DeCaccia's running balance is. (Doc. 28-1.) The Court's prior Collection Order explained this formula to LCCDC. (Doc. 6.) LCCDC must follow the formula set forth in 28 U.S.C. § 1915(b)(2).

### VII. Motions for Preliminary Injunction (Doc. 30 and 31.)

DeCaccia has filed two motions for injunctive relief. In the first, he seeks an order from the Court prohibiting LCCDC from charging him for medical care. (Doc. 30.) In the second, DeCaccia seeks an order directing LCCDC to provide him with immediate medical care upon request. Neither motion meets the standard for issuance of an injunction.

The standard for issuance of a temporary restraining order or preliminary

injunction is high. DeCaccia must show he is likely to succeed on the merits of his claims and likely to suffer irreparable harm without preliminary relief. He must also show that the balance of equities tips in his favor and an injunction is in the public interest—although the latter two factors merge into one when the opposing party is a governmental entity, as Defendants in their official capacity are. *See Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). Additionally, "[i]n any civil action with respect to prison conditions," preliminary injunctive relief must, among other things, "be the least intrusive means necessary to correct" the "violation of a federal right." 18 U.S.C. § 3626(a)(2), (a)(1)(B)(ii).

DeCaccia has failed to meet these requirements for injunctive relief. He has not shown that he is likely to succeed on the merits of his claim. Charging prisoners fees for medical services does not violate the Constitution unless it prevents prisoners from receiving medical care. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). The fact of a fee, without more, does not state a constitutional claim for denial of medical care. This is not to say, at this point, that DeCaccia may not eventually prove a constitutional claim. But he has not established that he is likely to do so.

Nor has he established that his medical condition is such that he requires

treatment on demand, without any consideration for the exact needs of the moment, the security and staffing requirements of the prison, or any other concern that affects the necessity and availability of immediate medical attention.

On the other prong, DeCaccia has not established that irreparable harm will befall him if he does not receive either injunction. The Lewis and Clark County Sheriff's office will attempt to recoup medical fees through his canteen account. There is no credible allegation that he will not receive necessary care. If the payment policy was later determined to be contrary to federal law, his damages would clearly include recompense for any out-of-pocket expense. DeCaccia has similarly not convinced of the need for an injunction related to his medical care. Tellingly, his motion does not even mention any particular imminent medical need that requires attention. His reference to injuries in the past related to lack of medical care is the very subject of this suit, and not grounds for injunctive relief at the moment. (Doc. 31 at 2.) DeCaccia has not established that he will suffer irreparable harm if he does not receive care on demand. The motions for injunctive relief will be denied.

### VIII. Motion to Suppress

DeCaccia has moved to suppress various documents in Defendants' discovery that relate to DeCaccia's ongoing criminal charges. (Doc. 33.) He asserts the material would prejudice a juror against him and be irrelevant to the issues at

hand. As Defendants point out, DeCaccia has misapprehended the role of privilege in the discovery process. While he may be correct that the documents at question, which he does not properly identify, may be prejudicial to him at trial, there is no grounds for Defendants, who possess those documents, not to provide them to Plaintiff, who presumably also does so. What is available in discovery is different from what may be available at trial. DeCaccia's motion will be denied, subject to renewal, as appropriate, as a motion in limine to prevent introduction of documents at trial.

### IX.  Motion to Compel

Finally, DeCaccia moves to compel production of documents, pursuant to Fed. R. Civ. P. 37. Apparently, he seeks grievances that he believes should be within the files of Defendants and were not previously produced. (Doc. 35 at 1 – 2.)

DeCaccia has not complied with D. Mont. L.R. 26.3(c), which requires both that he communicate verbally with Defendants on this issue, and that he provide the Court with a copy of the disputed discovery requests and responses. The motion will be denied, subject to renewal following compliance with the rule.

Accordingly, **IT IS HEREBY ORDERED** that

1.   DeCaccia's motions for default and entry of default judgment are DENIED. (Doc. 15); (Doc 20.)

2.	DeCaccia's Motion for Relief re Mail Services is DENIED. (Doc. 21.)

3.	DeCaccia's Motion for the Appointment of Counsel is DENIED. (Doc. 25.)

4.	DeCaccia's Motions for Subpoenas is DENIED. (Doc. 22.)

5.	DeCaccia's Motions for Intervention (Doc. 28) is DENIED. However, the Court directs LCCDC to comply with formula set forth in the Court's Collection Order. (Doc. 6.)

6.	DeCaccia's Motions for Injunctive are DENIED. (Docs. 30 and 31.)

7.	DeCaccia's Motion to Suppress is DENIED. (Doc. 33.)

8.	DeCaccia's Motion to Compel is DENIED, subject to renewal. (Doc. 35.)

9.	At all times during the pendency of this action, DeCaccia must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 4th day of April, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge