IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JARED WILLIAM DECACCIA, | CV 22-079-H-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CAPT. BRAGG, ET AL., | |
| Defendants. | |

Plaintiff Jared DeCaccia has moved for an order requiring Defendants to contact him, (Doc. 67), and has renewed his motions for sanctions, (Doc. 69), and for the issuance of subpoenas, (Doc. 68). The motions will be denied, but with the reservations described below.

## I. MOTION FOR DEFENDANTS TO CONTACT PLAINTIFF

DeCaccia asks the Court for intervention to direct Defendants to contact him regarding discovery disputes. (Doc. 67.) Defendants respond that there are no such current disputes, and therefore, an order is unnecessary. (Doc. 71.) They have provided the Court with copies of DeCaccia's discovery requests and claim that their responses were not yet due. (Docs. 72-1 and 72-2.) They advise DeCaccia to contact them at the email address on their pleadings.

Inmates at MSP do not have free access to email or the telephone. The Court

will not direct any specific contact between DeCaccia and Defendants but advises

Defendants to respond to Plaintiff's calls timely and in good faith. DeCaccia's

motion will be denied, subject to renewal.

## II.  MOTION FOR SUBPOENA

DeCaccia renews his motion for the issuance of subpoena *duces tecum*

seeking electronic evidence from the record keeper of the Lewis and Clark County

Detention Center, including body camera videos from various staff members and

video of his booking and other interactions. (Doc. 68 at 2 - 3.) Defendants respond

that this motion is no different from DeCaccia's prior motion for subpoenas and

therefore should be denied. (Doc. 70.) However, Defendants fail to respond to the

most concerning aspect of DeCaccia's motion, which is his claim that his criminal

attorneys have had no problem obtaining similar information, while Defendants

claim the information "likely" does not exist for him. (Doc. 68 at 3.)

Defendants are correct that a regular discovery request is proper for this

information, as the Court described and directed in its prior Order. (Doc. 65 at 13 –

15; 16.) DeCaccia's motion is not clear whether he has promulgated such a request.

He must do so. However, the Court is concerned by the suggestion that Defendants

are responding to the requests of lawyers in a manner different from the requests of

pro se litigants. Counsel for Defendants are subject to the same ethical

responsibilities no matter who the opposing party is. DeCaccia's motion will be denied, subject to renewal.

## III. MOTION FOR SANCTIONS

As a related matter, DeCaccia seeks Rule 37 sanctions against Defendants for their failure to provide the requested electronic information. (Doc. 69.) DeCaccia believes that either the information still exists and has been improperly withheld, or it was deleted or otherwise disposed of improperly. In support, he states that his defense counsel have been able to obtain similar information from the same timeframe, making suspect any claim of defendants that the information "likely" was erased by policy. (Doc. 69.)

Defendants respond, first, that DeCaccia's motion violates D. Mont. L.R. 7, because it is not supported by a brief. (Doc. 73 at 1.) DeCaccia's pro se filings are liberally construed, and his argument is sufficiently understandable in its current form. Defendants further point out that DeCaccia has not certified that he has attempted to confer with Defendants about this motion. (Doc. 73 at 2.) However, DeCaccia filed a motion, above, to attempt to get Defendants to communicate with him, and Defendants admit that he attempted to call them at least twice.

Defendants' final contention is that DeCaccia had not yet promulgated a proper request for the electronic information, and therefore, any related motion for

sanctions is premature. (Doc. 73 at 3.) It is not clear whether proper discovery requests have been made, as previously directed by the Court, and thus, DeCaccia's motion for sanctions will be denied. However, the Court remains concerned about the issue of whether similar electronic discovery has been available generally to other represented parties, and simply not to DeCaccia. The Court is, like DeCaccia, curious about Defendants' use of the term "likely" destroyed, without stating whether they have attempted to look or can verify that the information does not exist. Defendants have obligations to provide DeCaccia with relevant discovery, and to preserve discovery related to potential litigation. DeCaccia's motion will be denied, subject to renewal.

Accordingly, the Court issues the following:

## ORDER

1.     DeCaccia's motion for an order for contact with Defendants is DENIED, subject to renewal. (Doc. 67.)

2.     DeCaccia's motion for sanctions is DENIED, subject to renewal. (Doc. 69.)

3.     DeCaccia's motion for a subpoena is DENIED, subject to renewal for trial testimony. (Doc. 68.)

4.     At all times during the pendency of this action, DeCaccia must

immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 5th day of December, 2023.

Kathleen L. DeSoto, Magistrate Judge
United States District Court